No. 26-1639

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DANA NESSEL, Attorney General of the State of Michigan on behalf of the People of the State of Michigan and the Michigan Gaming Control Board

      Plaintiff - Appellee

v.

KALSHIEX LLC, a Delaware corporation based in New York

      Defendant - Appellant

Appeal from the United States District Court
Western District of Michigan
Honorable Paul L. Maloney

**PLAINTIFF-APPELLEE'S RESPONSE TO
MOTION TO STAY THE BRIEFING SCHEDULE**

Pursuant to Federal Rule of Appellate Procedure 27, Attorney General Dana Nessel submits this response to Kalshi's August 3, 2026 Motion to Stay the Briefing Schedule. (Dkt. No. 6.) The Court should deny Kalshi's Motion to stay the briefing schedule pending the issuance of a decision in *KalshiEX LLC v. Schuler*, No. 26-3196 (6th Cir. filed

Mar. 11, 2026), and *KalshiEX LLC v. Orgel*, No. 26-5235 (6th Cir. Filed Mar. 23, 2026).

1.     This case involves an appeal of a remand pursuant to the federal officer removal provision of 28 U.S.C. § 1442(a)(1).  An order remanding a case to the State court is generally not reviewable, unless it is appealed pursuant to the federal officer removal provision of 28 U.S.C. 1442.  28 U.S.C. § 1447(d).

2.     Kalshi's appeal of the district court's remand order does not present the same issues presented in the other appeals already pending in this court that Kalshi cites, specifically *Schuler* and *Orgel*.  Neither of those cases involve an appeal of a remand pursuant to the federal officer removal provision of 28 U.S.C. § 1442(a)(1), nor do they require the Court to determine whether the CEA "completely preempts" state law as would be at issue in this appeal.

3.     Kalshi included the federal officer removal ground solely for the purpose of converting its otherwise unreviewable  "complete preemption" federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441 into a reviewable ground for removal.  Kalshi's own conduct belies the weakness of its assertion of federal officer removal by arguing that

its appeal turns on the same questions in *Schuler* and *Orgel*. A party that genuinely believed that its assertion of federal officer removal was legitimate does not proceed to delay its appeal of that issue in hopes of sweeping decisions on wholly different issues.

4.    The fact that this Court "may" issue a decision in two different appeals regarding the extent to which the CEA may preempt state law is nothing more than a guess. It is just as likely—and probably more likely—that the *Schuler* and *Orgel* cases will not address one of Kalshi's asserted issues in this case, which would require the Court to find that the CEA "completely preempts" state law. See *KalshiEX LLC v. Schuler*, No. 26-3196, Doc. No. 69, PageID#910 (6th Cir. Mar. 9, 2026) (finding that "It is beyond dispute that the CEA has, and was intended to have, some preemptive effect. But it is just as clear that the CEA does not cover the waterfront of DCM-related activity.").

5.    For the reasons stated above, this Court should deny Kalshi's motion to stay the briefing schedule pending this Court's resolutions of appeals of two appeals, *Schuler* and *Orgel*, involving different legal issues.

3

Respectfully submitted,

*s/Lauren E. Fitzsimons*

Lauren E. Fitzsimons (P82997)
Assistant Attorney General
Attorney for Plaintiff-Appellee
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI  48823
(517) 241-0210
fitzsimonsl@michigan.gov

Dated:  August 13, 2026

4

# CERTIFICATE OF SERVICE

I certify that on August 13, 2026, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

*s/Lauren E. Fitzsimons*

Lauren E. Fitzsimons (P82997)
Assistant Attorney General
Attorney for Plaintiff-Appellee
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI  48823
(517) 241-0210
fitzsimonsl@michigan.gov